STOKER, Judge.
This is a suit for property damage and medical payments arising out of an automobile accident in which plaintiff, Oretha Kennedy, was involved. Plaintiffs, Oretha and Tony Kennedy, filed suit against their insurer, Southern Security Insurance Company (Southern), to recover the property damage and medical payments and subsequently amended their demand to include a demand for statutory penalties and attorney’s fees. Southern paid the claims prior to trial on the merits, therefore the only issue presented to the trial court was entitlement to penalties and attorney’s fees. The trial court rendered judgment in favor of Southern finding no fault in their handling of plaintiffs’ claim. Plaintiffs have *1206 appealed the trial court’s judgment. Plaintiffs assert on appeal that the trial court committed manifest error in failing to find that the defendant acted arbitrarily and capriciously in failing to pay the plaintiffs’ claim within 60 days from receipt of satisfactory proof of loss as mandated by LSA-R.S. 22:658.
FACTS
On December 4, 1986 Oretha Kennedy was involved in an automobile collision which totally destroyed her Pontiac Grand Am. Mrs. Kennedy also suffered physical injuries which required a brief period of hospitalization. Plaintiffs filed a claim under the provisions of a policy of collision insurance provided to them by Southern, which insured them for the actual cash value (ACV) of the car less a $250 deductible. The claim was received by Southern’s adjuster, Marc Cook, on December 9, 1986. Mr. Cook contracted with Crawford & Company to perform an appraisal of the plaintiffs’ automobile. This appraisal report was received by Mr. Cook on December 16, 1986. It was the appraiser’s opinion that the car had an ACV of $7,996. Mr. Cook contacted Mr. Kennedy and offered to pay him $7,650 minus the $250 deductible to settle the claim. Mr. Kennedy accepted the offer at that time and Mr. Cook prepared a draft for $7,400 to be sent to the plaintiffs’ local insurance agent. However, Mr. Kennedy called Mr. Cook the following day and rejected the $7,400 as it was unacceptable to Mrs. Kennedy. Thereafter, Mr. Edwin Dunahoe became involved in the matter as attorney for the plaintiffs.
By letter dated December 19, 1986 Mr. Cook raised the original offer of $7,650 to $7,700 and forwarded copies of the appraisal report to Mr. Dunahoe. Mr. Dunahoe responded to Southern’s offer by letter dated January 12, 1987 rejecting the offer of $7,700 and demanding $8,000 in payment of the claim. Moreover, Mr. Dunahoe demanded a tender of the apparently undisputed amount of $7,450 ($7,700 minus $250) immediately in the event that Southern rejected plaintiffs’ offer to settle for $8,000. On January 13, 1987 Southern made a counter-offer of $7,850. Plaintiffs rejected Southern’s offer, again demanding $8,000 or immediate tender of the undisputed amount of $7,600 ($7,850 minus $250). Plaintiffs informed Southern that once the tender of the undisputed amount was made they would litigate over any remaining amount.
During the pendency of the negotiations for the property loss, plaintiffs also made a claim for medical expenses incurred by them as a result of the accident. Southern requested that Mrs. Kennedy submit an affidavit which stated that she had no other available medical coverage. Before the affidavit was returned, Mr. Cook contacted Mrs. Kennedy’s employer, Boise-Cascade, and learned that she had medical coverage which would pay 80% of her claim. Mrs. Kennedy returned the affidavit that she had no other available insurance coverage and demanded payment of her medical bills. Plaintiffs made demand on April 7, 1987 for the 20% plus a $150 deductible which was not paid by Mrs. Kennedy’s group coverage. That amount was $443.61 and it was paid by Southern on May 14, 1987.
On March 16, 1987 Southern agreed to pay plaintiffs the $8,000 demanded for the loss of their vehicle and this was confirmed in writing on March 17. However, there was a difference of opinion between the parties as to what the terms of settlement were. Southern understood that plaintiffs would dismiss the suit upon receipt of the $8,000 and payment of costs by Southern, but plaintiffs maintained that this was not agreed to and they intended to pursue their claim for penalties and attorney’s fees. This portion of plaintiffs’ claim was tried on August 11, 1987 and judgment rendered in favor of defendant.
PENALTIES AND ATTORNEY’S FEES
LSA-R.S. 22:658 A provides that an insurer, such as Southern, shall pay any claim due an insured within 60 days after receipt of satisfactory proof of loss from the insured. A failure to do so, when such failure is found to be arbitrary, capricious or without probable cause, shall subject the *1207 insurer to a penalty of 10% of the total amount of the loss, together with reasonable attorney’s fees to be paid to the insured. LSA-R.S. 22:658 B(l). This statute is penal in nature and must be strictly construed, the burden being on the claimant to prove lack of probable cause, arbitrariness or capriciousness. Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983).
In this case, receipt of satisfactory proof of the plaintiffs’ property loss occurred, at the latest, on December 16, 1986 when the appraisal report from Crawford & Company was received by Southern. It is clear from the record that Southern in no way neglected the plaintiffs’ claim, it simply adopted a negotiating posture that was unacceptable to the plaintiffs after the initial offer made on December 17, 1986. Plaintiffs were firm in their unwillingness to accept any amount less than $8,000 (less the $250 deductible), and Southern made no attempt to make an unconditional tender of the undisputed portion within 60 days of December 16, 1986. The circumstances of this case certainly warranted a tender of the undisputed portion of the loss. There was no question of Southern’s liability and there was no reasonable disagreement between the parties as to the amount of the loss. The only estimate of ACY of plaintiffs’ vehicle was done by Crawford & Company at Southern’s direction and was determined to be $7,996. Plaintiffs did not contend that it was worth more, they wanted only at least that amount. Where there is a reasonable disagreement as to the amount of the loss, failure to pay within the statutory delay does not subject the insurer to penalties and attorney’s fees, however, if part of a claim is not disputed, failure to make an unconditional tender of that portion which is not disputed within the statutory delay will subject the insurer to penalties and attorney’s fees on the entire amount. Sibley, supra.
In the case before us, payment of the amount demanded by plaintiffs was ultimately made, however, it was made 90 days from December 16, 1986 without an unconditional tender preceding it. We find that this failure to pay any amount within the statutory delay was without probable cause and defendant cannot avoid the imposition of penalties and attorney’s fees. We find and so conclude that the trial court was clearly wrong in failing to award to the plaintiffs a penalty of 10% of $8,000, together with a reasonable attorney’s fee. We find that a reasonable attorney’s fee in this case would be $1,600.
As concerns the claim of lack of timeliness in payment of the medical bills, we find no merit in the plaintiffs’ assertions. Plaintiffs were required, pursuant to the policy of insurance issued by Southern, to certify that no other medical coverage was available to pay the claim because Southern’s coverage would be excess to any other available coverage. The lack of any other available insurance was certified to by Mrs. Kennedy when it was, in fact, incorrect. At the same time that Mrs. Kennedy certified that no other coverage was available, her counsel admitted in correspondence to Southern that employment-related insurance might be available and in that event plaintiffs would reimburse Southern. Plaintiffs demanded full payment of the medical expenses by Southern. Defendant discovered the availability of employment group insurance provided to Mrs. Kennedy by Boise-Cascade through its own efforts. Under the policy, no obligation arose on Southern’s part to pay the claim until proof was made that the group coverage available to Mrs. Kennedy had paid its percentage. Plaintiffs have not and do not dispute this. This proof was not made until April 7, 1987 and the claim was paid by Southern on May 14, 1987. Plaintiffs adopt the position on appeal that defendant was arbitrary and capricious in failing to pay the remaining 20% not paid by Mrs. Kennedy’s other insurer. We find that defendant acted reasonably with respect to its handling of the medical payments claim and that any delays were caused by plaintiffs. We find that the claim was paid timely.
Accordingly, for the reasons stated herein, the judgment of the trial court is reversed insofar as it denied penalties and *1208 attorney’s fees for the untimely payment of the property damage claim and judgment is hereby rendered in the amount of $800, together with a reasonable attorney’s fee of $1,600. The denial of penalties and attorney’s fees on the medical payments claim is affirmed. That portion of the judgment assessing the costs of the proceedings below is amended to assess the costs equally to the parties, and the costs of this appeal are assessed equally to the parties.
REVERSED IN PART; AFFIRMED IN PART; AMENDED IN PART.