653 So.2d 777 (1995)
Jeanna M. VERRET, Plaintiff-Appellee,
v.
CAJUN TRAVEL, INC., Defendant-Appellant.
No. 94-1432.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*778 Thomas Anthony Budetti, Lafayette, for Jeanna M. Verret.
Joseph Michael Stiltner, Baton Rouge, for Cajun Travel, Inc.
Before THIBODEAUX, DECUIR and AMY, JJ.
DECUIR, Judge.
This is an appeal from a judgment of the Office of Worker's Compensation Administration hearing officer ordering Cajun Travel, Inc. and its insurer Louisiana Workers' Compensation Corporation to pay penalties and attorney fees to Jeanna Verret for the arbitrary and capricious handling of her claim for workers' compensation benefits. All parties in the case have appealed.

FACTS
Jeanna Verret was employed by Cajun Travel as a travel consultant. On August 23, 1993, she injured her knee while on a Familiarization trip to Merida, Mexico. Familiarization trips (FAM's) are discounted trips available to travel agents designed to promote the facilities they are visiting. Upon her return, Verret filed a workers' compensation claim and underwent emergency knee surgery.
Cajun Travel asserts that the FAM in question was taken as vacation. Verret claims she went as a representative of Cajun Travel and for its benefit. Cajun Travel paid for Verret's trip and all expenses (except departure tax) not covered by the sponsoring agency. Verret was issued business cards and told to distribute them on the trip. She was expected to dress and behave professionally on the tour. In addition, Verret was required by her employer to send a letter to the sponsoring agency regarding her dissatisfaction with some aspects of the trip. Finally, Verret drew her salary while on the trip, and all parties concerned admitted that FAM's are a benefit to the employer.

DISCUSSION
Cajun Travel and Louisiana Workers' Compensation Corporation contend that the hearing officer erred in finding them arbitrary and capricious in denying Verret's claim for compensation benefits. We disagree.
The standard of review for a hearing officer's finding in a workers' compensation hearing is the manifest error-clearly wrong standard. Alexander v. Pellerin Marble and Granite, 93-1698 (La. 1/14/94); 630 So.2d 706. After reviewing the record, we find the hearing officer's finding that Cajun Travel and Louisiana Workers' Compensation Corporation were arbitrary and capricious in denying benefits is clearly supported by the record, and thus not manifestly erroneous.
Jeanna Verret contends that the hearing officer erred in four respects: (1) in only awarding $1,125.00 in attorney's fees; (2) in assessing only $2,000 in penalties; (3) in failing to include legal interest in the judgment; and (4) in failing to assess court costs for the deposition transcript of Louisiana Workers' Compensation Corporation.
A trial court is afforded great discretion in determining the question of penalties and attorney's fees and the award will *779 not be modified on appeal in the absence of an abuse of discretion. Layssard v. Proctor & Gamble Manufacturing, 532 So.2d 337 (La.App. 3d Cir.1988). After reviewing the record, we find that the hearing officer's award of $1,125.00 in attorney's fees is an abuse of discretion. We will amend this amount and award claimant an additional $2,875.00 for all work performed by claimant's attorney at the trial level. In addition, we will award $2,000.00 in attorney's fees for work on this appeal, for a total award of $6,000.00. We find this amount is fair and reasonable and supported by the record.
LSA-R.S. 23:1201(E) requires that a penalty be assessed for untimely payment of compensation benefits. The amount of this penalty is stipulated as twelve percent of the unpaid or delinquent compensation, or not more than fifty dollars per calendar day for each day benefits remain unpaid, whichever is greater. In addition, the statute limits the calendar day assessment to $2,000.00. There is no such limitation on the twelve percent assessment. In the present case, the total delinquent and unpaid compensation benefits amounted to $30,916.57. The hearing officer awarded only $2,000.00 in penalties. Twelve percent of the delinquent or unpaid compensation benefits equals $3,709.99. Accordingly, the hearing officer erred under the statute in awarding only $2,000.00 in penalties. We will amend that amount to reflect an award of $3,709.99 in penalties.
Insofar as the hearing officer's award neglected to award legal interest, we amend the judgment appealed. LSA-R.S. 23:1201.3(A) provides that any compensation awarded and all payments thereof directed to be made by order of the hearing officer shall bear judicial interest from the date ordered paid by the hearing officer until the date of satisfaction. Brazley v. Burger King/CIGNA, 613 So.2d 739 (La.App. 4 Cir.), writ denied, 615 So.2d 339 (La.1993).
Insofar as the hearing officer neglected to specifically include the cost of taking the corporate deposition of Louisiana Workers' Compensation Corporation as required by LSA-R.S. 13:4533, we amend the assessment of costs to include $308.00 for this deposition.

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed insofar as it finds defendants arbitrary and capricious in failing to pay compensation benefits. The judgment is amended to award the claimant an additional $2,875.00 in attorney's fees for trial, and $2,000.00 in attorney's fees for this appeal for a total of $6,000.00 for all work performed by claimant's attorney. The judgment is further amended to award the claimant an additional $1,709.99 in penalties for a total of $3,709.99. Finally, the judgment is also amended to include $308.00 in court costs for the deposition of Louisiana Workers' Compensation Corporation, and to award legal interest in accordance with the views expressed above. Costs of this appeal are assessed against Cajun Travel and Louisiana Workers' Compensation Corporation.
AFFIRMED as AMENDED.
AMY, J., dissents.