658 So.2d 739 (1995)
Mary WILLIAMS, Plaintiff-Appellee,
v.
LOUISIANA INDEMNITY COMPANY, Claiborne Insurance Company, and Assurance Ltd., Defendants-Appellants.
No. 26,887-CA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 1995.
*741 David L. White, Bossier City, for appellants.
John Milkovich, Carola Milkovich, Shreveport, for appellee.
Before SEXTON, NORRIS and LINDSAY, JJ.
SEXTON, Judge.
Plaintiff sued her insurer for damages arising from the insurer's denial of insurance coverage for her wrecked vehicle. From a judgment in favor of the plaintiff awarding her damages for the value of the vehicle, the value of a replacement vehicle, attorney fees, penalties and interest thereon from the date of judicial demand, defendant appeals. We amend and affirm.
Mary Williams purchased a 1983 Camaro in July of 1989 from Rountree Olds in Shreveport for $3,995. The following year, on August 13, 1990, Ms. Williams was involved in a single-car accident in which the vehicle was totalled. Ms. Williams sought payment from her insurer, Louisiana Indemnity Company (LIC), who denied coverage, claiming that her policy had been cancelled due to her failure to pay a $17 monthly premium increase. Ms. Williams subsequently sued LIC as well as the insurance agency, Claiborne Insurance Agency ("Claiborne"), and the insurance premium finance company, Assurance, Ltd. ("Assurance"). Before trial, Claiborne and Assurance settled with Ms. Williams.
The trial court found that LIC had improperly cancelled Ms. Williams' policy and awarded her $3,600 for the vehicle, $800 for damages related to the purchase of a replacement vehicle, $6800 in attorney fees and $440 in penalties for failure to timely pay or investigate the claim, interest, and costs. Because Ms. Williams settled with the other two defendants prior to trial, the court reduced the judgment against LIC by two-thirds, resulting in a judgment for $3,880. Interest was awarded on the remaining one third from the date of judicial demand. Defendant filed a suspensive appeal alleging that the lower court erred as follows:
1. In finding that the appellee's vehicle was valued at $3600 at the time of the loss;
2. In awarding $800 for a replacement vehicle;
3. In awarding $6800 in attorney fees; and
4. In awarding legal interest on the award for penalties and attorney fees from the date of judicial demand.
The appellant does not question the trial court's finding that the policy was in force.
Ms. Williams obtained the LIC insurance policy in May of 1990 through the Claiborne Insurance Agency of Homer, Louisiana. The insurance premium was financed by Assurance, a premium finance company. Ms. Williams paid $200 down on the policy and was instructed to make all insurance payments to Assurance with a payment booklet they provided.
In late June of 1990, Ms. Williams received an invoice from Claiborne indicating that her insurance premium had been increased by $17 per month and to remit that amount. Although not at issue on appeal, defendants contended at trial that it cancelled the policy issued to Ms. Williams because of her failure to pay the additional $17. The trial court found that Ms. Williams did in fact make the payment to Assurance on July 2, 1990, and that Assurance reinstated the policy on July 6, 1990. The court stated that Ms. Williams had cured any default of payment within 10 days of notice of cancellation.
*742 The trial court found that the value of the vehicle was $3,600, considering Ms. Williams monthly car note of $150 and 24 payments. LIC alleges on appeal that this is error and that the plaintiff did not prove the pre-accident market value of the vehicle. LIC contends that there was no evidence presented at trial regarding the market value of the 1983 Camaro and, therefore, the plaintiff is only entitled to nominal damages of $500. This assignment of error is without merit.
Testimony by an owner of a car as to its value can be sufficient proof with which to sustain an award. Trial courts have great discretion in determining property damage awards. Smith v. English, 586 So.2d 583, 591-92 (La.App. 2d Cir.1991), Sexton, J., dissenting on other grounds, writ denied, 590 So.2d 80 (La.1991). The plaintiff presented uncontroverted evidence that the vehicle was purchased the previous year for $3995, the vehicle was in excellent condition, and the amount of her monthly notes. We cannot say that the trial court abused its discretion in finding that the vehicle was worth $3,600.
Three days after the accident, plaintiff purchased a replacement vehicle, an old Thunderbird, for $800. The trial court awarded the plaintiff $800 for damages "related to her having to buy a replacement vehicle." Defendant merely complains on appeal that there is no authority for this award and that the trial court erred. On the other hand, plaintiff contends that the insurance policy does not exclude coverage for damages caused by loss of use of the vehicle and that damages for the loss of use of a vehicle need not be limited to the rental of a substitute vehicle.
LSA-R.S. 22:1220A imposes a duty of good faith and fair dealing in performance of the insurance contract. See also LSA-C.C. Art. 1983. Breach of this duty by the insurer renders it liable for any damages, foreseeable or not, that are a direct consequence of its failure to perform. LSA-C.C. Art. 1997; LSA-R.S. 22:1220A. Specifically, LSA-R.S. 22:1220B(5) provides that the failure by the insurer "to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" constitutes a breach of the statutory duty of good faith and fair dealing if knowingly committed or performed by the insurer.
In the instant case, the trial court found that the refusal of LIC to pay the claim of the plaintiff and the failure to investigate the claim once it had received satisfactory proof of loss was arbitrary and capricious. The court imposed statutory penalties under LSA-R.S. 22:658. It declined, however, to impose the additional double damages penalty authorized by LSA-R.S. 22:1220C, although it recognized the availability of such an award and noted that it had awarded additional damages incurred by the plaintiff, including attorney fees, the expert witness fee, as well as the cost of the replacement vehicle.
In Modisette v. American Integrity Insurance Company, 297 So.2d 498 (La.App. 2d Cir.1974), we affirmed a trial court award of $500 for inconvenience, anguish, and the like for the wrongful cancellation of a health and accident insurance policy under facts substantially similar to the case at bar, albeit a different kind of insurance policy.
Plaintiff suggests that the $800 damages awarded by the trial court related to plaintiff having to buy a replacement vehicle constitute an award for loss of use of her totalled vehicle. Damages for loss of use of a "totalled" car are recoverable only for a reasonable time after the plaintiff learns that the car is a total loss. A car is a total loss when the cost of repairing it exceeds its pre-accident value. Bonner v. Louisiana Indemnity Co., 607 So.2d 915 (La.App. 2d Cir.1992). This court has held that a reasonable time to replace the destroyed vehicle is a period of 30 days after discovery that the car is a total loss. Bonner, supra; Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2d Cir.1986).
The measure of loss-of-use damages is normally the cost of renting a substitute vehicle until a replacement vehicle is purchased. This award, however, need not be restricted to rental. Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 *743 (La.1977). In Alexander, the supreme court found no abuse of discretion in the trial court's award of $1000 for loss of use of a totally destroyed automobile where it was obvious that the plaintiff had suffered considerable inconvenience and mental anguish from the loss of use of his automobile.
In the instant case, the trial court based its $800 award on damages related to the plaintiff having to buy a replacement vehicle on the cost of that vehicle. Inasmuch as the plaintiff suffered the aggravation, mental distress, and inconvenience of losing the use of her vehicle and having to replace that vehicle with an inferior vehicle due to the denial of coverage by the insurer, we find no abuse of the great discretion vested in the trial court in the award of $800 as general damages. Modisette, supra.
The trial court found that LIC improperly cancelled Ms. Williams' policy and improperly denied her claim by failing to investigate the facts relating to the cancellation when it realized there was a dispute regarding Ms. Williams' payment of the insurance premiums. Accordingly, the trial court awarded $6800 in attorney fees pursuant to LSA-R.S. 22:658. The court found that LIC received satisfactory proofs of loss and failed to pay the claim within 60 days or conduct an investigation regarding the facts of its denial of the claim.
Defendant does not contest the award of attorney fees, but alleges that the $6800 award is excessive in light of the fact that it exceeds the amount of damages awarded to the plaintiff. Defendant contends a reasonable award would be $1500.
Plaintiff submits the attorney fee award is not excessive and is justified considering the amount of work performed. Plaintiff's brief provides a lengthy, detailed description of the legal work in the case. Additionally, plaintiff argues that in cases such as this, where the denial of insurance benefits appears arbitrary, the attorney fee award is penal in nature and need not be proven. Shepard v. State Farm, 545 So.2d 624 (La. App. 4th Cir.1989), writs denied, 550 So.2d 627 and 550 So.2d 628 (La.1989).
The plaintiff's attorney documented the total amount of hours spent on this case by himself and his partner. He spent 52.515 hours on the case prior to trial, 14.5 hours at trial, and his partner spent 13 hours working on the case. This amounts to 80.015 hours, and the plaintiff requests an hourly rate of $85. We find that the amount of time spent on the case and the hourly rate are not unreasonable. Accordingly, we do not find the $6800 award for attorney fees to be excessive or constituting an abuse of discretion.
Plaintiff filed a motion for attorney fees on appeal requesting additional attorney fees for the legal effort on appeal. Attached to the motion are two affidavits of legal services by plaintiff's counsel and partner detailing 24.53 and 31.00 hours of legal work respectively.
Plaintiff did not appeal the judgment of the trial court, however, nor did she answer the defendant's appeal and request additional attorney fees. An appellee who neither answers an appeal nor appeals from the trial court's judgment is not entitled to additional attorney fees for legal services rendered on appeal. LSA-C.C.P. Art. 2133; Welborn v. Ashy Enterprises, Inc., 504 So.2d 120 (La. App. 2d Cir.1987); Charles v. LeBlanc, No. 93-871 (La.App. 3d Cir. 3/2/94) 633 So.2d 866 (La.App. 3d Cir.1994), writ denied, No. 94-1314 (La. 9/2/94), 643 So.2d 148.
In Haynes v. Shumake, 582 So.2d 959 (La.App. 2d Cir.1991), relied on by plaintiff in support of additional attorney fees on appeal, the plaintiff answered the defendant's appeal. Plaintiff cites no authority for the proposition that a court of appeal may grant additional attorney fees on appeal solely on the motion of appellee. Accordingly, plaintiff's motion for attorney fees on appeal is denied.
Finally, defendant complains that the trial court erroneously awarded judicial interest on penalties and attorney fees from the date of judicial demand rather than from the date they are awarded. This assignment has merit.
Plaintiff cites Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2d Cir.1987), *744 writs denied, 515 So.2d 447 and 515 So.2d 451 (La.1987), in support of the argument that interest on court-awarded penalties and attorney fees is due from the date of judicial demand. In that case we held that legal interest is due on the principal amount of the judgment no later than from the date of judicial demand on a claim for damages arising out of breach of contract, regardless of whether the precise amount of the claim is unliquidated, disputed, or not ascertainable with certainty at the time suit is filed. In the instant case, however, LIC does not complain of the date of the running of interest on the principal or compensatory damages awarded, but only of the award of interest on the penalties and attorney fees from the date of judicial demand.
Although we have found two cases in which this court has rendered judgment awarding interest from the date of judicial demand on penalties and attorney fees, in neither case was the issue of when legal interest begins to accrue squarely before the court. See Bohn v. Louisiana Farm Bureau Mutual Insurance Co., 482 So.2d 843 (La.App. 2d Cir. 1986), writs denied, 486 So.2d 750 and 486 So.2d 752 (La.1986); and Haynes v. Shumake, 582 So.2d 959 (La.App. 2d Cir.1991). For this reason, these cases are not persuasive.
In Tide Craft, Inc. v. Red Ball Oxygen Co., 514 So.2d 664 (La.App. 2d Cir.1987), writs denied, 516 So.2d 135 and 516 So.2d 136 (La.1987), we held that the interest on attorney fees awarded to the plaintiff in a product liability action for property damage was due from the date the trial court fixed the attorney fees. In that case, we relied on the Louisiana Supreme Court case of Alexander v. Burroughs Corp., 359 So.2d 607 (La.1978). Alexander held that interest on attorney fees awarded in a redhibition action did not run until the date they were awarded by the court because the amount due was not ascertainable until that point. Many appellate decisions have followed the Alexander rule in deciding the question of when interest begins to run on court-awarded penalties and attorney fees.
In Economy Auto Salvage v. Allstate Insurance Co., 499 So.2d 963 (La.App. 3d Cir. 1986), writ denied, 501 So.2d 199 (La.1986), the court held that interest on attorney fees and penalties will run only from the date of judgment because the amount of penalties and attorney fees due under LSA-R.S. 22:658 are not ascertainable until awarded by the court. See also, Brummerloh v. Firemen's Insurance Company of Newark, 377 So.2d 1301 (La.App. 3d Cir.1979).
In Gulf Wide Towing v. F.E. Wright (U.K.), 554 So.2d 1347 (La.App. 1st Cir.1989), the appellate court reversed the lower court's award of interest from the date of judicial demand on court awarded attorney fees under LSA-R.S. 22:658, holding that interest on attorney fee awards runs only from the date of the trial court judgment. Similarly, in Francis v. Travelers Insurance Co., 581 So.2d 1036 (La.App. 1st Cir.1991), writs denied, 588 So.2d 1114 and 588 So.2d 1121 (La.1991), the court held that the trial court erred in awarding legal interest from the date of judicial demand on the total amount of the judgment, ruling that interest on the 10 percent penalty and attorney fees pursuant to LSA-R.S. 22:658 runs from the date of judgment. See also, Malbrough v. Wallace, 594 So.2d 428 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992) (Interest on attorney fees and penalties under LSA-R.S. 22:658 runs from date of judgment); Hampton v. Rubicon Chemicals, 579 So.2d 458 (La.App. 1st Cir.1991). Guitreau v. State Farm Mutual Auto Insurance Co., 540 So.2d 1097 (La.App. 1st Cir.1989), held that interest on the award of additional attorney fees on appeal runs from the date of the appellate decision. Finally, in Thibaut v. Thibaut, 607 So.2d 587 (La.App. 1st Cir.1992), the court held that where the amount of attorney fees due to plaintiffs under the Unfair Trade and Consumer Protection Law was not ascertainable prior to judgment, interest would run from the date of the award and not the date of judicial demand.
In Israel v. Bartley, Inc., 579 So.2d 1066 (La.App. 4th Cir.1991), writ denied, 587 So.2d 696 (La.1991), a redhibition action, the court held that since attorney fees are not ascertainable until awarded, the trial court erred in awarding legal interest from the date of judicial demand rather than from the *745 date of judgment. In Rovira v. LaGoDa, Inc., 551 So.2d 790 (La.App. 5th Cir.1989), writ denied, 556 So.2d 36 (La.1990), a worker's compensation case involving the insurer's duty to defend the insured, the court held that interest on the attorney fee award runs from the date of judgment rather than from the date of judicial demand. See also Bink v. Blackwell, 432 So.2d 296 (La.App. 5th Cir. 1983).
In all of these cases, the ratio decidendi appears to be that legal interest is not due on penalties and attorney fees until they are awarded by the court because the amount of such award, if any, is not ascertainable until the court renders judgment. Many of these decisions rely on former LSA-C.C. Art. 1938 (1870), which stated that all debts shall bear interest (7 percent) from the date they are due. Since the attorney fees and penalties are not due until the court awards them, interest runs from the date of the award. This article was eliminated in the 1984 revision since the legislature establishes the rate of legal interest. Nevertheless, the LSA-C.C. Art. 2000 specifies that when the object of the performance is the payment of a sum of money, damages for the delay in payment are measured by interest on the sum from the time it is due at a rate agreed to by the parties or at the legal interest rate. Accordingly, if the amount of attorney fees and penalties are not due until the court awards them, then interest is due from the date of the award.
There are some decisions that hold otherwise. In Nelson v. Allstate Insurance Co., 464 So.2d 1015 (La.App. 1st Cir.1985), the court held that interest on penalties and attorney fees assessed against an insurer pursuant to LSA-R.S. 22:658 runs from the date the insurer was arbitrary and capricious in not paying the claim. Pursuant to the statute, this was 60 days from the day the insurer had all the information necessary for proof of loss. Contra Shepard v. State Farm Mutual Automobile Insurance Co., supra (reversing a similar trial court award of interest on award to UM claimant, including attorney fees, to run from date of judicial demand). In Kennedy v. Southern Security Insurance Co., 540 So.2d 1204 (La.App. 3d Cir.1989), the court, in denying an application for rehearing solely to consider a request for interest on an award for penalties and attorney fees, rendered judgment awarding interest and attorney fees from the date of judicial demand. This court has rendered judgment awarding interest on penalties and attorney fees from the date of judicial demand in several worker's compensation cases. See Duncan v. State, DOTD, 556 So.2d 881 (La. App. 2d Cir.1990); Barton v. Wausau Insurance Co., 545 So.2d 1248 (La.App. 2d Cir. 1989); and Simmons v. Ford, Bacon & Davis Construction, 506 So.2d 1300 (La.App. 2d Cir.1987). There are undoubtedly more such cases. Nevertheless, in none of these cases was the question of when interest begins to run on penalties and attorney fee awards at issue. These cases are not authoritative.
Based upon the weight of authority of prior decisions specifically dealing with this question, we conclude that interest on penalties and attorney fees runs from the date they are awarded. Indeed, this holding is consistent with our decision in Hicks v. Rucker Pharmacal Co., 367 So.2d 399 (La. App. 2d Cir.1978), writs denied, 369 So.2d 1360 and 369 So.2d 1361 (La.1979), where we held that all debts bear interest from the time that they become due rather than the date of judicial demand; however, an unliquidated claim is only due from the time it becomes ascertainable. We distinguish Mini Togs Products, Inc. v. Wallace, 513 So.2d 867 (La.App. 2d Cir.1987), writs denied, 515 So.2d 447 and 515 So.2d 451 (La.1987), which held that legal interest is due at least from the date of judicial demand on a claim for damages arising out of breach of contract, regardless of whether the precise amount of the claim is unliquidated, disputed, or not ascertainable with certainty at the time suit is filed. The distinction is between the compensatory damages arising out of the breach of contract in that case, and the penal damages in the case at bar.[1] It is well settled that statutory penalties and attorney fees are *746 penal in nature. Haynes v. Shumake, supra; Mader v. Babineaux, 526 So.2d 505 (La.App. 3d Cir.1988).
Until a judgment is rendered awarding attorney fees or penalties, a claim for those damages is unliquidated, that is, it is a claim that has not been determined either as to liability or damages. Accordingly, we hold that the statutory penalties and attorney fees assessed against LIC will bear interest from the date judgment was rendered in the trial court awarding the same.
The judgment of the trial court is amended to award interest on penalties and attorney fees from the date of judgment and, as amended, is affirmed.
AFFIRMED IN PART, AMENDED IN PART, and RENDERED.
NOTES
[1] Compensatory damages are awarded as the measure of actual loss suffered, while penal or punitive damages are awarded for outrageous conduct and to deter future transgressions.