liAMY, Judge,
dissenting.
I respectfully dissent. In my view, La. R.S. 23:1201.3(A) applies only to compensation benefits and not to penalties and attorney’s fees. However, while a number of cases award interest from date of judicial demand, I do not see any statutory basis for doing so. Nor does it appear that this issue was squarely before the court in any of those cases; so as authority on the question here presented, they are somewhat limited. See Hood v. C.J. Rogers, Inc., 94-1162 (La.App. 3 Cir. 3/8/95), 654 So.2d 371; Stegall v. J & J Exterminating, 94-1279 (La.App. 3 Cir. 3/1/95), 651 So.2d 400; Watson v. Louisiana Paving Co., 441 So.2d 31 (La.App. 3 Cir.1988). But see Hammons v. ABB C-E Services, Inc., 94-2444 (La.App. 1 Cir. 10/6/95), 671 So.2d 370; Verret v. Cajun Travel, Inc., 94-1432 (La.App. 3 Cir. 4/5/95), 653 So.2d 777. In my opinion, the second circuit correctly analyzed the issue in an opinion which awarded interest on attorney’s fees and penalties from the date of judgment. Williams v. Louisiana Indem. Co., 26,887 (La.App. 2 Cir. 6/21/95), 658 So.2d 739. While Williams involved insurance rather than worker’s compensation, the statutes at issue appear to be directly analogous; i.e., for either situation, there is no express statutory provision allowing for interest on penalties and attorney’s fees. The court |⅞⅛ Williams noted that interest could not be due on penalties and attorney’s fees until they are awarded by the court because the amount could not be ascertainable until judgment is rendered.
Additionally, I note that, in a recent decision, the third circuit addressed this issue on rehearing in the case of Miller v. Roger Miller Sand, Inc., 95-1253 (La.App. 3 Cir. 3/13/96), 676 So.2d 1084. In a per curiam opinion, a panel of the third circuit awarded interest on penalties and attorney’s fees from the date of the award. While the reasoning in Miller differs from that advanced by the second circuit in Williams, the result is the same: that interest on penalties and attorney’s fees is allowable only from the date of the award.
Accordingly, I would affirm the hearing-officer’s award of interest from the date of judgment.