736 So.2d 249 (1999)
Brian P. MOXLEY, Plaintiff Appellee,
v.
Lee COLE & Safeway Insurance Company, Defendants Appellants.
No. 97-1582.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1999.
Writ Denied May 7, 1999.
*250 David A. Johnson, Pineville, for Brian P. Moxley.
Melissa D. Broussard, Lafayette, for Lee Cole et al.
BEFORE: THIBODEAUX, SAUNDERS, and WOODARD, Judges.
THIBODEAUX, Judge.
Brian Moxley, plaintiff, filed suit against Lee Cole and his insurer, Safeway Insurance Company (Safeway), for damages sustained to his vehicle in an accident. At the time of the accident, Brian's mother, Ms. Sybil Moxley, was driving his vehicle. Safeway appeals the trial court's judgment in Mr. Moxley's favor, awarding him $3,670.00 for the value of his vehicle, $2,000.00 for loss of use, all outstanding storage costs, $5,000.00 in penalties, $4,945.00 in attorney fees, and $416.55 for expenses. We affirm in part and reverse in part.

I.

FACTS
On January 31, 1997, Ms. Sybil Moxley was driving a vehicle belonging to her son, Brian, in a southerly direction on Louisiana Highway 107, approaching the intersection of West Bryant Road near Marksville, Louisiana, in Avoyelles Parish. At the same time, the defendant, Mr. Cole, was driving his vehicle westbound on West Bryant Road. It is controlled by a stop sign at its intersection with Highway 107. Attempting to cross Highway 107 to enter a private driveway near the intersection, Mr. Cole failed to obey the stop sign. He *251 collided with the Moxley vehicle in Ms. Moxley's lane of travel on Highway 107.
On February 3, 1997, Safeway received a notice of loss from Ms. Sybil Moxley. She informed Safeway that the emergency medical personnel thought that Mr. Cole had suffered a heart attack during the accident. Safeway began an investigation to determine its liability for the accident in view of the possibility that its insured's alleged heart attack may have caused the accident. If true, this fact would give it a complete defense to the plaintiffs claim.
Meanwhile, later in February, Safeway secured an appraisal of the vehicle. It established that the estimated cost of repair, $4,579.46, exceeded the estimated value of the vehicle, $3,670.00. However, Safeway did not notify the plaintiff that his vehicle was a total loss until April 15, 1997. On February 18, 1997, Safeway informed the plaintiff that his vehicle needed to be moved in order to stop the storage fees from accruing and that Safeway would only be responsible for the wrecker and storage fees through February 19, 1997.
On April 7, 1997, Safeway received Mr. Cole's medical records from Huey P. Long Hospital. Because the records did not indicate that Mr. Cole had suffered a heart attack, Safeway accepted liability for the accident and, on April 15, 1997, sent the plaintiff a draft of $3,120.00 with a written offer to settle. Two days later, the plaintiffs attorney returned the settlement draft and made formal demand for loss of use of the vehicle, penalties, and attorney fees. On April 24, 1997, Safeway extended a second offer to settle for $3,120.00 and forwarded a second draft. On May 1, 1997, the plaintiff requested unconditional tender for the undisputed portion of the property damage claim. Safeway extended a third settlement offer, on May 15, 1997, adding $300.00 for loss of use in exchange for salvage.
On May 29, 1997, Brian Moxley filed a Petition for Damages arising out of the accident. The defendants in the suit were Mr. Cole and his automobile liability insurer, Safeway. The plaintiff alleged damages for the loss of use of his vehicle and property damages to his vehicle. Additionally, he alleged he was entitled to an award of penalties and attorney fees against Safeway, based on La.R.S. 22:658 and La.R.S. 22:1220.
The case was tried on August 11, 1997. The trial court took the matter under advisement and on August 28, 1997, issued written reasons for judgment, finding in favor of the plaintiff and awarding him $3,670.00 for the cash value of his vehicle, $2,000.00 for loss of use damages, all outstanding storage costs, $5,000.00 in penalties, $4,945.00 attorney fees, and $416.55 for expenses. The trial court signed a written judgment on September 22, 1997.
Safeway partially satisfied the judgment by paying the plaintiff $3,670.00, the actual cash value of his vehicle and legal interest and then filed a Notice of Suspensive Appeal.

Assignments of Error
Appellants allege the following assignments of error:
1. The trial court abused its discretion in awarding Mr. Moxley the sum of $2,000.00 for the loss of use of his vehicle.
2. The trial court erred in assessing Safeway with storage fees beyond February 19, 1997.
3. The trial court erred in assessing storage fees in the amount of $9.00 per day when no evidence was presented regarding the daily rate of storage.
4. The trial court erred in finding that Safeway violated the provisions of La.R.S. 22:658 and erred in assessing Safeway with attorney fees and expenses under La.R.S. 22:658.
5. In the event this court finds that the trial court properly assessed Safeway with attorney fees and expenses, Safeway contends that the *252 trial court abused its discretion in awarding excessive attorney fees.
6. The trial court erred in finding that Safeway violated the provisions of La.R.S. 22:1220 and erred in assessing penalties against Safeway under La.R.S. 22:1220.
7. In the event this court finds that the trial court properly assessed Safeway with penalties, Safeway contends that the trial court abused its discretion in awarding excessive penalties in the amount of $5,000.00.

II.

LAW AND DISCUSSION

Loss of Use of Vehicle
The evidence in the record establishes that the plaintiff was uncertain whether his vehicle was a "total loss" until April 15, 1997, when Ms. Betty Thomassee, the Safeway claims adjuster, notified him, through his attorney, of that fact. Damages for the loss of use of a vehicle, which is a total loss, are only recoverable for a reasonable time after the plaintiff learns that the vehicle is a total loss. Williams v. Louisiana Indem. Co., 26,887 (La.App. 2 Cir. 6/21/95); 658 So.2d 739; Bonner v. La. Indem. Co., 607 So.2d 915 (La.App. 2 Cir. 1992); Rosenthal v. Mid-American Indem. Co., 572 So.2d 613 (La.App. 3 Cir. 1990). A reasonable time to replace the destroyed vehicle is a period of thirty days after discovery that the car is a total loss. Williams, 658 So.2d 739; Bonner, 607 So.2d 915. The time from the date of the accident until notice of the total loss is recoverable. Bonner, 607 So.2d 915; Rosenthal, 572 So.2d 613. The measure of loss of use damages is normally the cost of renting a substitute vehicle, but the award need not be restricted to rental. Williams, 658 So.2d 739.
Considering these facts and law, the plaintiff had until May 15, 1997 to secure a replacement vehicle. The accident occurred on January 31, 1997. The trial court awarded $2,000.00 for the period of 103 days, or approximately $19.42 per day. That amount is well within the discretion of the court. See Romco, Inc. v. Broussard, 528 So.2d 231 (La.App. 3 Cir.), writ denied, 533 So.2d 356 (La. 1988). In Romco, the court held $20.00 per day was reasonable.

Storage Fees

(1) Beyond February 19, 1997
The trial court awarded storage fees for the plaintiff's vehicle through the date of the judgment. Safeway contends that this was erroneous. On February 12, 1997, Safeway's claims adjuster received the appraisal of the plaintiff's vehicle. On February 18, 1997, Ms. Thomassee told the plaintiff's mother by telephone that she needed to speak to him about having his vehicle moved to stop the accrual of storage fees. Ms. Thomassee advised the plaintiff that Safeway would not be responsible for any storage fees accruing after February 19, 1997. The plaintiff's attorney was advised of this, but the plaintiff made no arrangements to have his vehicle moved.
As the trial court found, the plaintiff did not learn that his vehicle was a total loss, according to Safeway's appraisal, until April 15, 1997. Safeway was liable for storage fees for a reasonable time thereafter. We find that a reasonable time was thirty days, or until May 15, 1997. See Rosenthal, 572 So.2d 613. The trial court abused its discretion in finding Safeway owes storage fees through the date the judgment is paid. Storage fees are due from the date of the accident until May 15, 1997, or 103 days, but cannot be recovered because of a failure of proof, as discussed below.

(2) Proof of the $9.00 per day Storage Rate
At the close of the trial, the trial judge acknowledged there had been no proof of storage fees. The record was kept open for the plaintiffs counsel to submit evidence of the storage rates per *253 day. Thereafter, in the plaintiff's post trial memorandum, he noted that storage charges were $9.00 per day and totaled $1,566.00 on the date of trial.
After the trial court issued Reasons for Ruling, the plaintiffs counsel submitted directly to the trial court a judgment that had not been approved as to form by Safeway's counsel. That judgment contains the figure of $9.00 per day storage charge. The judge signed the judgment. Safeway contends that there is no evidence in the record to support the trial court's setting of the storage fees, using the rate of $9.00 per day or any other rate. We agree. The trial court abused its discretion in finding the storage fee was $9.00 per day. There was no evidence in the record to support such a finding. We, therefore, reverse the trial court's judgment on this award.

La.R.S. 22:658
The trial court held that Safeway violated La.R.S. 22:658(A)(4), as it did not make a written offer to the plaintiff until sixty-nine days after its receipt of "satisfactory proof of loss." The court found that "satisfactory proof of loss" existed when Safeway received the initial loss notice on February 3, 1997.
Safeway initially questioned liability based on the affirmative defense of heart attack/sudden unconsciousness on the part of its insured at the time of the accident. Safeway contends that "satisfactory proof of loss" could not exist until it could resolve the question of whether or not it had a complete defense to the claim on the basis of its insured having a heart attack/sudden unconsciousness at the time of the accident, that it made diligent efforts to obtain its insured's medical records, and that it could not make a decision until it had reviewed those records.
Safeway received those records on April 7, 1997 and was able to verify that its insured was not having a heart attack at the time of the accident. It contends that it received "satisfactory proof of loss" at that time. Therefore, it did not violate La.R.S. 22:658(A)(4) because it extended to the plaintiff a written offer to settle on April 15, 1997, within thirty days after receiving "satisfactory proof of loss." at that time. Therefore, it did not violate La.R.S. 22:658(A)(4) because it extended to the plaintiff a written offer to settle on April 15, 1997, within thirty days after receiving "satisfactory proof of loss."
The trial court found that in investigating liability in this matter, Safeway did not attempt to ascertain whether its insured had any prior heart complications or restrictions from a physician. Safeway only attempted to obtain records from Huey P. Long Hospital regarding its insured's treatment after the accident.
Louisiana Revised Statutes 22:658 states, in part:
A. (1) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
(2) All insurers issuing any type of contract, other than those specified in R.S. 22:656, R.S. 22:657, and Chapter 10 of Title 23 of the Louisiana Revised Statutes of 1950, shall pay the amount of any third party property damage claim and of any reasonable medical expenses claim due any bona fide third party claimant within thirty days after written agreement of settlement of the claim from any third party claimant.
(3) Except in the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim and of a claim for reasonable medical expenses within fourteen days after notification of loss by the claimant. In the case of catastrophic loss, the insurer shall initiate loss adjustment of a property damage claim within thirty days after notification of loss by the claimant. Failure to comply with the provisions of this Paragraph shall subject the insurer to the penalties provided in R.S. 22:1220.
(4) All insurers shall make a written offer to settle any property damage *254 claim within thirty days after receipt of satisfactory proofs of loss of that claim.
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1), or within thirty days after written agreement or settlement as provided in R.S. 22:658(A)(2) when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
. . . .
(4) Whenever a property damage claim is on a personal vehicle owned by the third party claimant and as a direct consequence of the inactions of the insurer and the third party claimant's loss the third party claimant is deprived of use of the personal vehicle for more than five working days, excluding Saturdays, Sundays, and holidays, the insurer responsible for payment of the claim shall pay, to the extent legally responsible, for reasonable expenses incurred by the third party claimant in obtaining alternative transportation for the entire period of time during which the third party claimant is without the use of his personal vehicle. Failure to make such payment within thirty days after receipt of adequate written proof and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause shall subject the insurer to, in addition to the amount of such reasonable expenses incurred, a reasonable penalty not to exceed ten percent of such reasonable expenses or one thousand dollars whichever is greater together with reasonable attorneys fees for the collection of such expenses.
The trial court determined that Safeway violated the provisions of La.R.S. 22:658(A)(4). We agree, as these findings of fact are not manifestly erroneous. Safeway did not expeditiously resolve the heart attack/sudden unconsciousness question after February 3, 1997. However, the trial court then held that there is no penalty provided in La.R.S. 22:658(B) for violations of La.R.S. 22:658(A)(4), but commented that "this clearly could not have been the intent of the legislature" and it held Safeway liable for attorney fees. This was error.
A careful reading of the above statute establishes that the legislature did not intend that there be a penalty in La.R.S. 22:658(B) for a violation of La.R.S. 22:658(A)(4). See Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184. Third-party claimants do not have a penalty action for an insurance company's failure to make an offer of settlement of a property claim within thirty days of receipt of satisfactory proof of loss. The trial court must be reversed to the extent that it relied on Safeway's violation of La. R.S. 22:658(A)(4) to impose the penalty of attorney fees.
Also, the trial court appeared to find that Safeway violated La.R.S. 22:658(B)(4) for its alleged failure to make payment of reasonable expenses incurred by the plaintiff in obtaining alternative transportation. It is undisputed that the plaintiff did not rent a replacement vehicle, and, thus, did not incur expenses in obtaining "alternative transportation" during the time in which he was without the use of his personal vehicle. The trial court acknowledged this, but stated that the plaintiff instituted a claim for loss of use by correspondence, *255 dated April 17, 1997, which was responded to on May 15, 1997. Notwithstanding, this finding must be reversed because if the plaintiff did not obtain alternative transportation, Safeway could not have violated the statute by failing to make payment to the plaintiff for those expenses.
The trial court's award of attorney fees and expenses based upon violations of La. R.S. 22:658 is reversed.

La. R.S. 22:1220
In imposing a penalty of $5,000.00 on Safeway, the trial court found that Safeway had violated La.R.S. 22:1220(B)(1) and (5). In general, La.R.S. 22:1220 imposes an affirmative duty on an insurer to "adjust claims fairly and promptly and to make a reasonable effort to settle claims with [an] insured or [a] claimant." In Theriot, 694 So.2d 184, the supreme court held that the list of violations in La.R.S. 22:1220(B) is exclusive and only those acts are the subject of damages and penalties.
La.R.S. 22:1220 states:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer's duties imposed in Subsection A:
(1) Misrepresenting pertinent facts or insurance policy provisions relating to any coverages at issue.
(2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
(3) Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.
(4) Misleading a claimant as to the applicable prescriptive period.
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater. Such penalties, if awarded, shall not be used by the insurer in computing either past or prospective loss experience for the purpose of setting rates or making rate filings.
The trial court held that Safeway violated the provisions of La.R.S. 22:1220(B)(1) because of its "weak contention that a coverage issue equals a liability issue." The trial court did not describe exactly what pertinent facts or insurance policy provisions relating to coverage were misrepresented by Safeway. We have to assume that the trial court found fault with the decision by Safeway to investigate whether or not it had a jurisprudential affirmative defense to the claim by reason of its insured having a heart attack at the time of the accident. At all times, the plaintiff was informed of Safeway's investigation because of the heart attack issue, and it did not misrepresent any of those facts to the plaintiff. The trial court's finding that Safeway violated La. R.S. 22:1220(B)(1) is simply not supported by any evidence in the record. The trial court abused its discretion in finding Safeway violated La.R.S. 22:1220(B)(1).
The trial court found that Safeway violated La.R.S. 22:1220(B)(5), which concerns "failing to pay the amount of any *256 claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause." The trial court held that this provision applies to third-party claimants, as well as to insureds. This was an error. We have recently determined that La.R.S. 22:1220(B)(5) does not apply to third-party claimants; it applies to an "insured." Celestine v. State Farm Mut. Auto. Ins. Co., 98-578 (La.App. 3 Cir. 12/30/98); 735 So.2d 1 (en banc).
The trial court's assessment of a penalty of $5,000.00 against Safeway for violations of La.R.S. 22:1220(B)(1) and (5) is reversed.

III.

CONCLUSION
The trial court correctly assessed $2,000.00 in loss of use damages. The trial court's awards of storage fees, $5,000.00 in penalties, $4,945.00 in attorney fees, and $416.55 in expenses are reversed. The parties are equally cast for the costs of this appeal.
AFFIRMED IN PART AND REVERSED IN PART AND RENDERED.