11 DREW, J.
Horseshoe Casino appeals a judgment ordering it to pay $6,860 to plaintiffs in expenses due to its failure to comply with plaintiffs’ notice of a La. C.C.P. art. 1442 deposition. Amending the judgment to reduce the award of expenses, we affirm.

FACTS

Sherron Brimingham and members of her family filed suit against Horseshoe Casino and several other defendants, alleging that she was injured when a bathroom stall door at the casino fell off its hinges and struck her in 1996.
On July 29, 1999, plaintiffs served a notice of deposition on Horseshoe to take the deposition of Horseshoe’s Risk Manager Manda Reames. On that same date, plaintiffs also served a notice of deposition on Horseshoe pursuant to La. C.C.P. art. 1442. The notice stated that the “deponent will be an employee of Horseshoe ... *99 that has knowledge regarding the type of hinges that were on the door that fell ... and whether the hinges were installed properly and who re-installed the door that fell from its hinges[.]”
It further requested that the deponent bring to the deposition “all documents, papers, files, and materials that refer' to, relate to, embody, discuss or mention the matters described above.” Both depositions were scheduled for September 16, 1999, with Reames’ deposition to occur first. Both depositions were later rescheduled for December 8,1999.
Horseshoe produced only Manda Reames at the deposition. Reames informed plaintiffs’ attorneys that she did not have the documents requested in the notice of the 1442 deposition. Reames apparently had no knowledge concerning the subject matter set forth in the notice of deposition. Nonetheless, the deposition of Reames proceeded.
Plaintiffs filed a rule to compel discovery and for sanctions and expenses. | ¡Attached to the rule was a statement of expenses. Granting plaintiffs the relief sought, the trial court ordered Horseshoe: (i) to produce a company designee who could adequately respond to the subject matter set forth in the deposition notice, and to produce the requested documents within 15 days; (ii) in lieu of the production, to file an affidavit into the record stating that it could not produce such a designee and/or documents; (iii) to disclose the beginning and ending date of any records of the installation, maintenance and reinstallation of the stall doors; (iv) to pay $6,860 to plaintiffs for the expenses incurred due to Horseshoe’s failure to comply with the 1442 deposition notice; and (v) to pay the court costs for bringing the rule. Horseshoe subsequently filed into the record an affidavit from Ron Payne, Horseshoe’s Director of Facilities and Marine Operations, who stated that Horseshoe did not maintain records of facility maintenance and repairs until 1998, two years after the alleged accident. Horseshoe’s motion for reconsideration and/or new trial was denied.

DISCUSSION

Horseshoe first argues that the trial court erred in ordering it to pay for plaintiffs’ expenses incurred in connection with Horseshoe’s 1442 deposition. Of the $6,860 awarded by the trial court, $8,920 of that amount was for expenses, including attorney fees, incurred in taking that deposition.
The relevant sanctions article is La. C.C.P. art. 1473, which provides, in part:
If a party or an officer, director, or managing agent of a party or a person designated under Articles 1442 or 1448 to testify on behalf of a party fails to appear before the officer who is to take his deposition, after being served with a proper notice, or to serve answers or objections to interrogatories submitted under Article 1457, after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Article 1461, after proper service of the request, and court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under | .^Paragraphs (1), (2), and (3) of Article 1471. In lieu of any order or in addition thereto, the court shall require the party failing to act or the attorney advising him or both to pay the reasonable expenses, including attorney’s fees, caused by the failure, unless the court finds that the failure was substantially justified or *100 that other circumstances make an award of expenses unjust.
^ sjí íJí
While Reames was present for the 1442 deposition, having already been given notice of deposition in her own right, she did not possess the information requested in the notice of the 1442 deposition and could not adequately respond to the subject matter set forth in that notice of deposition. She told plaintiffs’ attorneys at the deposition that no one from Horseshoe had asked her to collect the requested documents. According to plaintiffs’ counsel, Reames was unable to answer questions about the hinges. The trial court recognized this, ordering Horseshoe to produce a company designee who could respond to questions about the subject matter set forth in the notice of deposition. As such, Horseshoe violated La. C.C.P. art. 1473 for effectively failing to' appear for that deposition. A party does not comply with notice of a 1442 deposition when its designee is unfamiliar with the matters on which the examination is requested as set forth in the notice.
It is well established that trial courts in Louisiana have broad discretion when regulating pre-trial discovery, which discretion will not be disturbed on appeal absent a clear showing of abuse. Moak v. Illinois Cent. R. Co., 93-0783 (La.1/14/94), 631 So.2d 401. Whether a sanction is substantially justified will depend on the circumstances of each individual case. Varnell v. Louisiana Tech University, 28,266 (La.App.2d Cir.4/3/96), 671 So.2d 1238.
We find the trial court abused its broad discretion in ordering Horseshoe to pay the full expenses incurred by plaintiffs as a result of the 1442 deposition. While counsel for plaintiffs traveled from Donaldson-ville to Bossier City for the |4deposition, their voyage cannot be considered fruitless. We note that there was a separate notice of deposition naming Reames as a deponent. Reames was deposed as scheduled. The exhibit attached to the rule to compel shows plaintiffs claimed four hours of deposition time. In addition, according to appellant’s brief, this deposition is 86 pages in length, which indicates that counsel was able to glean some information from Reames.
Nevertheless, an award of some expenses was merited. Horseshoe led plaintiffs to believe that it maintained relevant records regarding the installation, repair and reinstallation of the stall doors and hinges. Not until the morning of the hearing on the motion to compel did Horseshoe inform plaintiffs it did not possess the requested information. In light of this, we believe that plaintiffs were entitled to no more than one-third ($1,307) of their expenses in appearing for the deposition. Accordingly, we amend the award of expenses to reduce it to $4,247. Horseshoe next argues that the award of expenses for the deposition and motion to compel was excessive. Horseshoe complains that it was unreasonable to award costs for two attorneys to represent plaintiffs at the deposition and the hearing on the motion to compel. We disagree. The trial court did not abuse its discretion in allowing the reasonable expenses for two attorneys.
Finally, plaintiffs request that we remand this matter to the trial court for a hearing to determine expenses, including attorney fees, incurred by plaintiffs on this appeal. An appellee who neither answers an appeal nor appeals from the trial court’s judgment is not entitled to additional attorney fees for legal services rendered on appeal. Williams v. Louisiana Indem. Co., 26,887 (La.App.2d Cir.6/21/95), 658 So.2d 739. Plaintiffs did not answer the appeal. Accordingly, their claim for attorney fees is denied.

*101
DECREE

The judgment awarding expenses is amended to be reduced to $4,247. As amended, the judgment is AFFIRMED at appellant’s cost.