PITMAN, J.
Defendants-Appellants Advantage Roofing & Construction of Louisiana, Inc. ("Advantage II"), and James E. Strawbridge appeal the trial court's judgment in favor of Plaintiff-Appellee RSI Building Products, LLC ("RSI"). For the following reasons, we affirm.
*602 FACTS
On February 5, 2013, RSI filed a petition against Advantage II and Strawbridge, individually and as guarantor, alleging that they signed a "Customer Credit Application and Personal Guarantee" (the "Application") with RSI, but refused to pay the balance of $36,353.41. RSI requested 18% interest, court costs and attorney fees.
On March 14, 2013, Advantage II and Strawbridge filed a peremptory exception of no cause of action. They stated that RSI entered into the Application with Advantage Roofing and Construction, Inc. ("Advantage I"), which is a different company from Advantage II. At the time RSI and Advantage I signed the Application, Advantage II did not exist. They argued that the petition did not state a cause of action against Strawbridge because he signed the Application on behalf of Advantage I, as a personal guarantor, not on behalf of Advantage II.
On May 20, 2013, RSI amended its petition to add Advantage I as a defendant.
On July 3, 2013, Advantage II and Strawbridge filed a peremptory exception of no cause of action. They argued that RSI cannot utilize the Application that was executed on behalf of a distinct corporate entity, i.e., Advantage I, to back door personal and corporate liability for a different company, i.e., Advantage II.
On August 26, 2013, RSI filed an opposition to the peremptory exception of no cause of action.
On January 2, 2014, Advantage II and Strawbridge filed an answer and reconventional demand. They denied the allegations made in RSI's petition and asserted affirmative defenses. In the reconventional demand, they stated that RSI provided materials to Advantage II and that the materials were damaged in transit. They requested that damages from RSI be awarded as a complete offset to any amounts awarded to RSI on its original demand and as an additional monetary recovery against RSI in an amount to be determined at trial.
On January 21, 2014, RSI filed an answer and denied the allegations made in the reconventional demand.
On February 19, 2014, the trial court overruled the exceptions of no cause of action.
A two-day bench trial was held on February 8 and 9, 2017. Debbie Sayres testified that she and her husband own RSI and that her title is Secretary/Treasurer. She stated that the company began as "Roofing Supply, Inc. of Shreveport," but was later changed to an LLC; and then, in 2006, the name was changed to "RSI Building Products, LLC." She noted that RSI distributes building materials and that Advantage I and Advantage II were its customers. She identified the Application, which was dated August 1, 2002, and that the applicant and the personal guarantor was Strawbridge. In 2011, Advantage II and/or Strawbridge approached RSI about bidding for a residential construction project in Opelousas, Louisiana (the "Opelousas residence"), and they agreed that Advantage II would buy roofing materials from RSI. RSI placed an order for the materials, and some of the roof tiles were delivered damaged. RSI filed a claim against the delivery company for the damaged materials. The delivery company paid its $5,000 deductible, and its insurance company paid the difference between the claim and the deductible. After these payments and a $31,750 payment by Advantage II, the balance owed by Advantage II on this account was $36,353.41. In November 2012, RSI sent a demand letter to Advantage II. It did not receive any payments from Advantage II, and then it filed *603 a petition seeking $36,353.41, plus 18% interest, attorney fees and court costs.
On cross-examination, Mrs. Sayres testified that the Application was not between RSI and Advantage II, but was between Roofing Supply, Inc. of Shreveport and Strawbridge. After Roofing Supply, Inc. of Shreveport changed its name to RSI in 2006, RSI did not send a request to Advantage I to fill out another application with it. Mrs. Sayres stated that RSI did not request Strawbridge to personally guarantee any debts for Advantage II and noted that she was not aware Advantage I had changed its name.
Mrs. Sayres further testified that RSI also made an insurance claim in the amount of $26,770.56 for Advantage II's expenses to sort through the broken roof tiles, rent equipment and hire labor. RSI did not credit Advantage II's balance for $26,770.56 because the insurance company denied the claim. She stated that the damage was not RSI's responsibility because it did not drive the truck or make the delivery.
Gerald Atlee Sayres, III, testified that his father formed Roofing Supply, Inc. in September 1985. The company's name was later changed to "Roofing Supply, LLC"; and, in 2006, the name was changed to its current name, "RSI Building Products, LLC." Throughout these name changes, the employer tax identification number remained the same. He clarified that the company name was never "Roofing Supply, Inc. of Shreveport." He stated that "of Shreveport" was used to distinguish it from Roofing Supply, Inc. of Alexandria, which is a separate legal entity.
Mr. Sayres further testified that 135 squares of clay tiles were ordered for the Opelousas residence. He stated that in January 2012, the tiles were delivered by an 18-wheeler with a flatbed. He was not present for the delivery, but later learned that the delivery truck drove into a ditch when attempting to drive down the driveway of the Opelousas residence. He noted that Advantage II's employee signed for and accepted the delivery of the roof tiles, noting that there was "some damage." He contended that Advantage II's employee could have refused delivery. In August 2012, Advantage II submitted to RSI a supplemental claim for damage, RSI submitted this claim to the insurance company and the insurance company denied the claim. He stated that RSI was requesting an award of the balance due on the account and noted that Advantage II needed only 3 additional squares, but was credited for 17 squares, which more than offsets Advantage II's claim.
Matthew A. Campbell testified that he was employed as a salesman for RSI and bid the Opelousas residence project with Advantage II. He communicated with Strawbridge about the damaged tiles. They discussed whether Advantage II should accept or refuse delivery, and Strawbridge decided to accept delivery and see what could be salvaged.
RSI rested its case, and Advantage II and Strawbridge presented their reconventional demand. Strawbridge testified that he is the secretary/treasurer and director of Advantage II, which has been in existence since October 22, 2003. He stated that the architect of the Opelousas residence hired Advantage II to install the tile roof. The project was running behind, so when one of the two delivery trucks drove into a ditch, he decided not to refuse delivery because that would delay the project another six weeks. He stated that 30 squares of tiles were damaged and that "damaged" meant that they were chipped, cracked or broken in two. Sixteen squares of the 30 damaged squares were salvaged and used to install the roof. On April 24, 2012, he sent RSI a list of what *604 Advantage II needed to replace the damaged material, and three squares were ordered to replace the damaged tiles. He detailed the damages suffered by Advantage II, including hiring additional labor to sort through the tile. He stated that Advantage II finished installing the roof in June 2012, and the architect of the Opelousas residence paid Advantage II in full.
On April 19, 2017, the trial court filed its reasons for judgment. It first addressed RSI's principal demand and determined that the amount claimed by RSI was supported by the documentation presented at trial. It then considered whether Advantage II and/or Strawbridge are liable for service charges of 18% per annum, court costs, filing fees and attorney fees as provided for in the Application. It posed and answered the following questions: (1) Can RSI claim the benefits of the Application on a form for the benefit of Roofing Supply Inc., of Shreveport; (2) Is Advantage II bound by the Application; and (3) Is Strawbridge obligated for 18% service charges, court costs and attorney fees. It noted testimony that the ownership of RSI and its predecessors has remained the same, as has the employer identification number, throughout all of its name changes. It found that Strawbridge signed the Application individually and not as president of Advantage I; and, therefore, there is no written agreement by Advantage II to pay 18% service charges, court costs, filing fees and attorney fees. It also noted that Strawbridge signed the Application and guaranteed payment by Advantage I; that under the terms of the Application, he also agreed to notify RSI of any changes in the information regarding Advantage I; that he continued to do business with RSI after the creation of Advantage II and never notified RSI of the creation of the new company; and that Advantage II continued to use the credit established for Advantage I through the Application. Therefore, it found that under the terms of the Application, Strawbridge should be bound for the open account of Advantage II with the service charges, court costs, filing fees and attorney fees. It also determined that he is obligated under the doctrine of detrimental reliance. It further found that although Advantage II is not obligated for service charges and attorney fees, Strawbridge is liable for them. Accordingly, it determined that Advantage II and Strawbridge are liable, in solido, to RSI for the amount claimed, i.e., $36,353.41, together with all court costs and legal interest from the date of judicial demand until paid in full. It also found that Strawbridge is liable to RSI for interest at 18% per annum service charges from the last day of the month following the month of purchase of material until paid in full together with reasonable attorney fees. It noted that should Strawbridge pay the full amount of interest at 18%, he would not be obligated for the legal interest, and he would also receive credit toward the 18% interest if Advantage II should pay any legal interest.
Regarding the reconventional demand, the trial court found that Advantage II did not provide sufficient evidence to support its claims of damages and rejected all of the claims at its cost.
On June 30, 2017, the trial court filed a judgment in favor of RSI and against Advantage II and Strawbridge, in solido, in the amount of $36,353.41, together with judicial interest, and against Strawbridge for the attorney fees of RSI in the amount of $11,997.62 together with interest of 18% per annum. It also rejected the reconventional demand of Advantage II and Strawbridge.
Advantage II and Strawbridge appeal the trial court's judgment regarding Strawbridge's personal liability as to the *605 principal demand. They do not appeal the trial court's denial of their reconventional demand.
DISCUSSION
Suretyship
In their first and second assignments of error, Advantage II and Strawbridge argue that the trial court erred in finding Strawbridge to be the surety for a different entity in an amount greater than the principal obligation. They state that Strawbridge signed as a surety for principal obligor Advantage I, but that judgment was entered against a different entity, i.e., Advantage II. They contend that the trial court correctly determined that Advantage II is not liable for the 18% interest, filing fees, court costs and attorney fees, but incorrectly held Strawbridge liable for these items. They state that Strawbridge's purported suretyship cannot exist as an accessory contract where Advantage II is not obligated as the principal obligor and where there is no contractual agreement between RSI and Advantage II.
RSI argues that the trial court did not err in its application of the rules of suretyship and correctly determined that Strawbridge's personal guaranty, including the contractual interest and attorney fees, applied to the balance due to RSI. It states that it did not know that Advantage I was replaced by Advantage II during the years they did business together. It contends that Advantage II tacitly ratified the Application by purchasing supplies and materials on credit and by making payments to RSI on the open account with its own funds. It also states that the trial court correctly found that Advantage II was liable for the balance due on the open account, which was created by Advantage I through Strawbridge and, therefore, correctly found Advantage II and Strawbridge to be solidarily liable for the amount due because Advantage II accepted the benefit of the original credit with RSI, including Strawbridge's personal guaranty. It asserts that there is no evidence that the suretyship was ever extinguished.
A contract of guaranty is equivalent to a contract of suretyship, and the two terms may be used interchangeably. Fleet Fuel, Inc. v. Mynex, Inc. , 40,683 (La. App. 2 Cir. 3/8/06), 924 So.2d 480, writ denied , 06-0762 (La. 6/23/06), 930 So.2d 977. Suretyship is an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so. La. C.C. art. 3035. Suretyship must be express and in writing. La. C.C. art. 3038. The extinction of the principal obligation extinguishes the suretyship. La. C.C. art. 3059.
Advantage II does not appeal the trial court's judgment that it is liable, in solido, with Strawbridge to RSI for $36,353.41 plus court costs and legal interest. After it changed its name in 2003, it continued to purchase materials and to make payments on the open account with RSI. It did not notify RSI of its name change as was required by the Application, and the contact information and mailing address did not change when the company's name changed. Accordingly, it is liable to RSI in the same way Advantage I would have been liable to RSI, and the trial court correctly found Advantage II to be liable to RSI for the balance owed on the open account.
The trial court did not err in finding Strawbridge to be liable to RSI, in solido, with Advantage II, for $36,353.41 plus court costs and legal interest or in finding Strawbridge to be individually liable for 18% interest and attorney fees. The Application signed by Strawbridge on August 1, 2002, set forth the following provisions:
*606 I/we, the undersigned, hereby declare that the statements made in the foregoing application are true and correct and give my permission to use the information provided in any inquiry or investigation conducted by Roofing Supply Inc. (RSI) or its agent or contractor. I authorize and request RSI to obtain such further information as it may require concerning the statements made in this application.
I/we also willingly agree: 1) that this application is and will remain the property of RSI regardless of whether credit is issued; 2) to notify RSI of any changes in the above information; 3) to personally assume and guarantee all of the liabilities incurred by the above named company; and 4) to pay the amount owed by the last day of the month following the month of purchase plus interest at the rate of 18% per annum; simple rate compounding daily until paid and 5) if a lien or suit is necessary to pay all court costs, filing fees and reasonable attorney fees.
I/we, the undersigned, hereby authorize RSI to obtain any information required to determine my/our credit worthiness.
The Application is a surety agreement and is an accessory contract to the principal obligation between Advantage I/Advantage II and RSI. The principal obligation between Advantage I/Advantage II and RSI was not extinguished; Advantage II is liable to RSI; and, therefore, the surety agreement was not extinguished. By signing the Application, Strawbridge specifically agreed to personally assume all of the liabilities of Advantage I/Advantage II; to pay the amount owed plus interest at the rate of 18% per annum; and, if a suit is necessary, to pay all court costs, filing fees and reasonable attorney fees. The word "Individually" appears under Strawbridge's signature, which demonstrates his individual liability. Accordingly, Strawbridge bound himself to RSI to fulfill the obligation of Advantage I/Advantage II, i.e., to pay $36,353.41 plus court costs and legal interest. He also bound himself individually to RSI to pay interest at the rate of 18% per annum and to pay reasonable attorney fees.
Accordingly, these assignments of error lack merit. We need not, therefore, examine the alternative basis of liability, i.e., detrimental reliance, that Advantage II and Strawbridge contest in their appeal.
Additional Attorney Fees
RSI requests that this court modify the trial court's judgment to include statutory attorney fees pursuant to La. R.S. 9:2781 ; or, alternatively, to remand to the trial court for further proceedings on the statutory attorney fees. RSI also requests that this court increase the attorney fees award by $2,500 for the effort required to defend this appeal.
La. C.C.P. art. 2133(A) provides in pertinent part:
An appellee shall not be obliged to answer the appeal unless he desires to have the judgment modified, revised, or reversed in part or unless he demands damages against the appellant. In such cases, he must file an answer to the appeal, stating the relief demanded, not later than fifteen days after the return day or the lodging of the record whichever is later.
An appellee who neither answers an appeal nor appeals from the trial court's judgment is not entitled to additional attorney fees for legal services rendered on appeal. Brimingham v. Horseshoe Entm't P'ship , 34,560 (La. App. 2 Cir. 4/4/01), 785 So.2d 97, citing Williams v. Louisiana Indem. Co. , 26,887 (La. App. 2 Cir. 6/21/95), 658 So.2d 739.
*607 Although RSI requests additional attorney fees in its brief, it did not appeal the trial court's judgment or file an answer to Advantage II and Strawbridge's appeal. Accordingly, this court will not consider RSI's request for statutory attorney fees or its request for attorney fees for the efforts to defend this appeal.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in favor of Plaintiff-Appellee RSI Building Products, LLC, and against Defendants-Appellants Advantage Roofing & Construction of Louisiana, Inc. and James E. Strawbridge. Costs of appeal are assessed to Defendants-Appellants Advantage Roofing & Construction of Louisiana, Inc. and James E. Strawbridge.
AFFIRMED.