Judgment rendered April 14, 2021.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,848-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

LARRY W. BAMBURG,                    Plaintiff-Appellant
INDIVIDUALLY AND AS
SUCCESSOR IN INTEREST TO
BAMBURG HEATING AND AIR
CONDITIONING, INC.

versus

AIR SYSTEMS, LLC                     Defendant-Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 580308

Honorable Michael Pitman, Judge

* * * * *

MARK W. ODOM                         Counsel for Appellant


LISKOW & LEWIS                       Counsel for Appellee
By: Paul M. Adkins


* * * * *

Before MOORE, GARRETT, and STONE, JJ.

**GARRETT, J.**

In this breach of contract suit, the plaintiff, Larry W. Bamburg, individually and as successor in interest to Bamburg Heating and Air Conditioning, Inc. (collectively referred to hereinafter as "Bamburg"),[1] appeals from a trial court judgment which awarded attorney fees of $82,464 and costs and disbursements of $3,844.57 in favor of the defendant, Air Systems, LLC. The same judgment denied Bamburg's claims against Air Systems in the principal demand, as well as Air Systems's reconventional demand claims against Bamburg. The appeal is limited to one issue – the trial court's award of attorney fees to Air Systems as "the prevailing party."[2] We affirm the trial court judgment.

## FACTS

To understand the complexity of the issues presented below, we find it necessary to explain the background facts. Due to the paucity of evidence in the appellate record, we have ascertained the following information from the available pleadings and the trial court's written opinion.

Both Bamburg and Air Systems were sellers, suppliers, installers, and servicers of home heating and air conditioner systems in the Shreveport/ Bossier area. According to the trial court's written opinion, Mr. Bamburg, who was the president, sole director, and sole shareholder of his company, was a "well-qualified HVAC technician" who lacked formal education in

---

[1] However, where appropriate, such as when discussing his personal employment claims, we will refer to Larry Bamburg as "Mr. Bamburg."

[2] Due to the narrow focus of the appeal, the appellant significantly limited the designation of the record. No testimony was transcribed, and the appellant requested that only eight pleadings and two trial exhibits (the contract between the parties and a letter which Air Systems sent to Mr. Bamburg which was dated January 16, 2014) be made part of the appellate record. The only transcript included is a hearing held on January 6, 2020, which addressed the prevailing party issue.

business and contracts, whereas John Dean, the manager of Air Systems, and his wife/business partner, Lori Dean, were "sophisticated business owners with little or no personal experience in installing and servicing HVAC systems." In 2012, Bamburg and Air Systems entered into an asset purchase agreement ("APA") whereby Air Systems purchased assets from Bamburg and assumed certain liabilities. Bamburg was to be paid $100,000, plus a "contingent amount," minus the assumption by Air Systems of certain liabilities. The APA specified that the "contingent amount" portion of the purchase price was to be calculated as 30% of the "2013 Bamburg Revenue," which was defined as the revenue attributable to former Bamburg customers during the 2013 calendar year. The contingent amount was to be paid in two equal installments – the first no later than April 1, 2014, and the second a year later. Additionally, Mr. Bamburg entered into an employment agreement with Air Systems, which was attached to the APA as Exhibit K.[3] Pursuant to an escrow agreement contained in the contract, the first $100,000 of the purchase price was deposited into escrow and used to discharge various Bamburg obligations. Mr. Bamburg signed the APA without seeking legal advice.

The APA contained the following relevant provision:

> **8.3 Attorney Fees.** If any legal action or other Legal Proceeding relating to any of the Transactional Agreements or the enforcement of any provision of any of the Transactional Agreements is brought against any party to this Agreement, the prevailing party shall be entitled to recover reasonable attorney fees, costs and disbursements (in addition to any other relief to which the prevailing party may be entitled).

---

[3] The employment agreement gave Mr. Bamburg the position of field operations supervisor with base compensation of $29 per hour and a term of three years. It permitted his termination for several causes, including failure to comply with the company's written policies.

2

Mr. Dean sent Mr. Bamburg a letter dated January 16, 2014, informing him that he appeared to owe Air Systems in excess of $140,000. In support of this, Mr. Dean cited (1) the disappointing volume of Bamburg business for 2013, which was only about a third of what they expected, and (2) the existence of extended parts and labor warranties promised to customers which were not covered with purchases of contracts from manufacturers and other third-party vendors. Mr. Dean candidly stated that he would not have completed their transaction if he had been aware of the latter issue. He also noted that he was under the impression that Mr. Bamburg was not in a financial position to pay the amount due under the agreement.

On October 16, 2014, Bamburg filed a petition for breach of contract, injunctive relief, and unpaid wages against Air Systems. It alleged two specific breaches of contract. The first claim asserted that Air Systems failed to make the first installment of the contingent amount which was due on April 1, 2014. It claimed that the 2013 Bamburg Revenue was greater than $358,753.91, the amount reported by Air Systems in its letter. It further alleged that Air Systems had limited the potential and actual sales amount used to calculate the contingent amount. The petition stated that counsel for Air Systems had sent a letter to Bamburg's counsel, advising that Air Systems did not owe any contingent amount under the agreement. As a result, Bamburg claimed that the notice in the letter constituted an anticipatory breach by Air Systems as to the final installment of the contingent amount due on April 1, 2015. Pursuant to Section 8.9 of the agreement, Bamburg requested injunctive relief ordering specific performance of the agreement by payment of the contingent amount. Mr.

3

Bamburg contended that, upon the dissolution of his company on November 20, 2013, he assumed the right to receive the payments due under the agreement.

The second claim of contract breach concerned Mr. Bamburg's entitlement to wages as a fulltime employee. He asserted that Air Systems attempted to unilaterally amend the employment agreement by limiting the number of hours he worked to 30 hours per week, effectively converting him to a part-time employee. Due to the two sets of alleged contract breaches, he asserted that he was entitled to resign and that he did so. He alleged that he was owed $5,684.58 in unpaid hours and overtime, plus penalty wages and attorney fees under La. R.S. 23:632.

On November 14, 2014, Air Systems filed a pleading entitled "Exceptions, Answer, and Reconventional Demand."[4] In its answer, Air Systems made general denials and maintained that the documents at issue were the best evidence. It asserted that it calculated the Bamburg revenue accurately and that the amount was $295,132.48. It maintained that, under the facts, no payments were required due to Bamburg's indebtedness to Air Systems, and that it was entitled to a court order authorizing disbursements of remaining escrow funds to it. As to Mr. Bamburg's employment, Air Systems claimed that he lacked the ability to serve as a field operations supervisor, that he violated company rules, and that his hours were reduced at a time of cutbacks and layoffs. Air Systems also asserted several

---

[4] The exceptions were peremptory exceptions of no right and no cause of action, as well as dilatory exceptions of improper cumulation of actions and unauthorized use of summary proceedings. The minutes indicate that on May 11, 2015, they were subsequently "granted and denied as dictated to the court reporter." However, the resulting judgment was not included in the appellate record. Additional exceptions were filed later, but they are not relevant to the instant appeal.

4

affirmative defenses, including that it did not violate the Fair Labor Standards Act; that some or all of Bamburg's claims were barred by unjust enrichment and/or Bamburg's breaches of the agreements between Bamburg and Air Systems; and that comparative fault applied to any tort claim.

In its reconventional demand, Air Systems alleged that Bamburg had breached the APA in several respects, including making misrepresentations as to warranties that had not been purchased for customers which led to losses for Air Systems and misrepresentations regarding prepaid maintenance agreements. Air Systems claimed that, had it known of the correct amounts, it would not have entered into the APA. Furthermore, as to Mr. Bamburg's employment, it asserted that his knowledge base for HVAC work was "seriously deficient" and he violated many of Air Systems's personnel policies. Finally, it contended that he breached the APA by misrepresenting the ownership condition of certain assets. Due to these many violations of the APA, Air Systems maintained that Bamburg was not entitled to any contingent amount and that his breaches caused Air Systems to suffer losses which it was entitled to recover from him. In turn, Bamburg responded with a general denial answer and a first supplemental and amended petition seeking a permanent injunction against Air Systems's breach or threatened breach of the APA.

A bench trial was held on December 5 and 6, 2018, and the trial court took the matter under advisement.[5] Pursuant to a motion to reopen evidence filed by Bamburg, the trial court allowed the parties time to conduct additional limited discovery. Another day of trial was held in September

_____

[5] No transcript of the trial was included in the appellate record due to the appellant's limited designation of the record.

5

2019, and the parties filed posttrial briefs. On November 14, 2019, the trial court issued a lengthy written opinion. The trial court found in favor of Air Systems and against Bamburg on the petition filed by Bamburg and ordered that Bamburg pay reasonable attorney fees and court costs. It also found in favor of Bamburg and against Air Systems on the reconventional demand filed by Air Systems. In so ruling, the trial court found that under the contract, Bamburg was entitled to the purchase price, plus the contingent amount, minus the assumption of certain seller liabilities. It held that Air Systems and the Deans were in good faith when they calculated the contingent amount owed to Bamburg, as well as the liabilities owed on Bamburg's behalf. It found that Air Systems paid more than $100,000 of Bamburg's liabilities (including substantial taxes) and hired Mr. Bamburg as an employee. However, it concluded that it would be absurd and unconscionable to interpret the APA to order Bamburg to pay Air Systems for the sale of Bamburg's business. As to Mr. Bamburg's unpaid wages claim, the court held that he failed to meet all the criteria of La. R.S. 23:631. Because of its other rulings, the trial court found that Mr. Bamburg's standing to enforce the claims of his former company was moot. On the issue of attorney fees, the trial court quoted the APA's attorney fees provision and said that Air Systems was the prevailing party.

On January 6, 2020, a hearing was held at which the trial court extensively discussed the history of this "very, very hotly contested" case and the award of attorney fees. While noting that $87,000 was a high award,

6

it cited several factors supporting that amount.[6] Among those were the "very contested" nature of the suit, the amount of "very detailed evidence" presented, and the thoroughness of the attorneys. The trial court stated that it ultimately felt that "overall" Air Systems was the "prevailing party" provided for in the APA's section on attorney fees. In support of this finding, the trial court stated that "very little time and very little evidence" was submitted by Air Services on its reconventional demand and that the "amount of time that was taken up on that issue was minimal compared to the – not only the evidence that was submitted, but also the briefing that took place concerning that matter." After the trial court subtracted travel expenses pertaining to an attorney's move to south Louisiana, the attorney fees award was set at $82,464, plus disbursements of $3,844.57. Bamburg did not object on the record to the amount set by the trial court or request any other subtractions. The judgment was signed that day. Bamburg filed a motion for new trial, which was denied by order signed March 25, 2020.

On appeal, Bamburg asserts that the trial court erred in conferring prevailing party status on Air Systems when it was not awarded relief on its reconventional demand. In response, Air Systems contends that the trial court did not err in determining that it was the prevailing party. Further, its designation as the prevailing party for its successful defense of Bamburg's principal demand should not be affected by the outcome of its

_____

[6] The appellate record does not indicate the origin of the $87,000 figure. No timesheets or affidavits establishing it are found in this record. However, in his appellate brief, Bamburg does not contest the amount of time or the hourly rate utilized in arriving at this amount.

reconventional demand, a pleading which it was required to file by La.

C.C.P. art. 1061.[7]

## ATTORNEY FEES AWARDED TO
## PREVAILING PARTY

### *Jurisprudence*

Attorney fees are not allowed except where specifically authorized by statute or contract. *Ark-La-Tex Safety Showers, LLC v. Jorio*, 48,478 (La. App. 2 Cir. 12/18/13), 132 So. 3d 986; *Hollenshead Oil & Gas, LLC v. Gemini Expls., Inc.*, 45,389 (La. App. 2 Cir. 7/21/10), 44 So. 3d 809, *writ denied*, 2010-2046 (La. 11/12/10), 49 So. 3d 892. Attorney fees are not allowable in an action for breach of contract unless there is a specific provision therefor in the contract. *Hollenshead Oil & Gas, LLC v. Gemini Expls., Inc.*, *supra*.

The standard of review in the instant case is abuse of discretion. See *Peyton Place, Condo. Assocs., Inc. v. Guastella*, 08-365, p. 21 (La. App. 5 Cir. 5/29/09), 18 So. 3d 132, 147; and *KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, 2011-0598, p. 12 (La. App. 4 Cir. 3/14/12), 89 So. 3d 1207, 1214.[8]

---

[7] La. C.C.P. art. 1061(B) states:

> The defendant in the principal action . . . shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

[8] Two second circuit cases dealing with attorney fee awards to a prevailing party mention the manifest error standard of review. However, these references appear to be in the context of reviewing the trial court's related factual findings and credibility determinations. See *Schindler Elevator Corp. v. Long Prop. Holdings, L.L.C.*, 50,199 (La. App. 2 Cir. 11/18/15), 182 So. 3d 233, and *Family Care Servs., Inc. v. Owens*, 45,505 (La. App. 2 Cir. 8/11/10), 46 So. 3d 234. Accordingly, we distinguish them from the instant case.

Several Louisiana cases have considered the award of attorney fees to the "prevailing party" pursuant to the provisions of a contract. Notably, each case presented a unique factual situation which influenced its outcome, and the results of several cases may be construed as being contradictory. Among the more instructive are the following.

In *LHO New Orleans LM, L.P. v. MHI Leasco New Orleans, Inc.*, 2006-0489 (La. App. 4 Cir. 4/16/08), 983 So. 2d 217, litigation between a hotel's owner and its operator resulted in the trial court rendering judgment in favor of the operator, and the owner's reconventional demand being dismissed. Attorney fees were awarded in favor of the operator based upon a lease provision which provided that, if either party retained a lawyer to enforce the terms of or determine rights under the lease, the "prevailing party" would be entitled to recover attorney fees. The owner appealed. The appellate court held that the operator was entitled to an award of attorney fees because it prevailed on the main issues in the litigation. However, it found the trial court abused its discretion in its blanket award of all of the operator's attorney fees, concluding that the award should be reduced because the operator did not prevail on *all* issues. Although detailed billing records had been admitted, the court concluded that it would be impossible to relate specific fees to the issues upon which the operator did not prevail and that remand would be useless. Accordingly, the court reduced the amount of attorney fees by one-third in order to reduce it to the highest amount a reasonable factfinder could have awarded.

In *Peyton Place, Condo. Assocs., Inc. v. Guastella*, *supra*, a condominium association sued condominium owners for unpaid fees, and the defendants reconvened on other issues. One defendant, I-10, filed two

9

separate suits, which were consolidated with the original suit. The condominium declaration provided that, in any proceeding because of a default by a unit owner, the association would be entitled to recover reasonable attorney fees, but only if it was "the prevailing party." On the association's principal demand, the trial court entered a judgment of more than $11,000 against I-10, and awarded attorney fees in the association's favor. However, in I-10's consolidated cases, the trial court entered a judgment of more than $46,000 against the association. On appeal, the defendants argued that it was error to award attorney fees to the association when I-10 had prevailed on its claims. The appellate court noted that the Louisiana Supreme Court had never addressed which party was the successful or prevailing party when both sides prevail on affirmative claims. It reviewed cases from other jurisdictions, some of which decided that the "prevailing party" is the one with "a net judgment," whereas others held that a party recovering on its claim might be entitled to attorney fees as a "prevailing party" despite the fact that the opposing party received a larger recovery on its affirmative claim. The appellate court ultimately ruled that the trial court did not abuse its discretion in awarding attorney fees against I-10 in the association's principal demand, observing that the association and I-10 had prevailed against each other. In support of this holding, the appellate court cited the United States Supreme Court's endorsement of a "prevailing party" standard in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). There, the Supreme Court noted that a "typical formulation [of the prevailing party standard] is that 'plaintiffs may be considered prevailing parties for attorney's fees purposes if they succeed

10

on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.' "

In *KeyClick Outsourcing, Inc. v. Ochsner Health Plan, Inc.*, *supra*, both sides in a breach of contract action were granted awards by an arbitrator, with KeyClick receiving a net amount. The arbitrator found that, while each party could be deemed a "prevailing party" pursuant to the arbitration agreement, "in reality, no party prevailed to any significant degree on any significant issue which materially achieved their goal in bringing their initial claims and counterclaims." The arbitrator further concluded that, even though each side received an award and the net monetary award favored KeyClick, this "technical victory" based upon "the mere crunching of the numbers" was not sufficient to confer status as "prevailing party" so as to support an award of attorney fees. Additionally, no evidence as to the amount of the attorney fees had been admitted. The trial court affirmed the arbitrator's finding that neither party prevailed and, as a result, neither party was entitled to attorney fees. The appellate court affirmed, finding no abuse of discretion in the trial court's confirmation of the assessment of attorney fees made by the arbitrator.

In *Schindler Elevator Corp. v. Long Prop. Holdings, L.L.C.*, *supra*, an elevator maintenance company sued a building owner for the balance owed on their contract, and the owner reconvened to rescind the contract and pursue damages. The trial court denied both the principal demand and the reconventional demand. However, it apparently made credibility determinations in the owner's favor and found that the contract had been rescinded by oral agreement in 2011, as the owner testified. It also granted the owner's motion for attorney fees based on the contract's prevailing party

11

clause, but subtracted 25 hours for work performed on the reconventional demand. The appellate court affirmed the trial court judgment, finding (1) no manifest error in the trial court's finding that the parties terminated the contract and (2) the record showed the plaintiff defaulted and was not entitled to liquidated damages. It also granted the owner's request for additional attorney fees for work performed on the appeal, finding that such was warranted given the fact that attorney fees were correctly awarded below in accordance with the prevailing party provision in the contract and did not include fees for work on the owner's reconventional demand.

In *Ark-La-Tex Safety Showers, LLC v. Jorio*, *supra*, a limited liability company ("LLC") and its majority member sued its minority member for declaratory judgment that the minority member had withdrawn from the LLC, as well as damages and injunctive relief. The minority member filed an answer, reconventional demand, petition for declaratory relief, and an application for injunctive relief; however, before trial, he agreed to waive all claims except valuation of the LLC assets. The LLC operating agreement provided that, in the event of litigation arising from the agreement, the prevailing party would be entitled to reasonable attorney fees. The trial court held that the plaintiffs failed to prove the defendant had withdrawn from the LLC. It concluded both sides were "prevailing parties" and awarded attorney fees to each party, to be paid from the LLC assets. The plaintiffs appealed, contesting the award of attorney fees to both parties on the basis that neither should have been deemed a prevailing party. This court affirmed the award of attorney fees to the defendant on the basis that he was the prevailing party on the plaintiffs' claim for damages. However, it

12

reversed the award of attorney fees to the plaintiffs because neither party prevailed on the reconventional demand.

In *Family Care Servs., Inc. v. Owens*, *supra*, an employer sued to enforce the two-year noncompetition clause in an employment contract after its former employees immediately went to work for a competitor. After a preliminary injunction was rendered in its favor, the employer sought attorney fees related to its issuance pursuant to the employment contract, which provided for attorney fees for the prevailing party which obtained a judgment in its favor. However, the employer did not pursue a permanent injunction because of the expiration of the two-year term. The trial court granted the request for attorney fees. The former employees appealed, citing federal jurisprudence which interpreted the meaning of "prevailing party" as precluding a party who gained a preliminary injunction under a statute but was denied a permanent injunction. Under the facts of the case, we found that jurisprudence unpersuasive and held that, under the terms of the employment contract, the employer was entitled to attorney fees because, having obtained a judgment in the form of a preliminary injunction, it was the prevailing party.

### *Discussion*

The recovery of attorney fees in the instant case is dependent upon the contract between the parties, which contained a provision allowing "the prevailing party" to recover reasonable attorney fees if legal action relating to the APA was brought against any party to the APA. The document itself provides no definition of the term "prevailing party."

Different scenarios have resulted in different tests for determining which, if any, party is the "prevailing party" for purposes of an award of

13

attorney fees. Like the trial court in the *Schindler Elevator Corp.* case, the trial court here denied both the principal demand and the reconventional demand, but designated the defendant as the prevailing party for the purposes of awarding attorney fees under the contractual provision. Similarly, in *Ark-La-Tex Safety Showers, LLC v. Jorio*, *supra*, the trial court awarded attorney fees to the defendant which were affirmed by the appellate court on the basis that he was the prevailing party on the plaintiffs' initial petition.

Our review of the scant record before us reveals no legal error or abuse of the trial court's discretion in concluding that Air Systems qualified as "the prevailing party" under Section 8.3 of the APA. Given the minimal appellate record, which was lodged in this court pursuant to Bamburg's designation of the record, we are restricted in our review of the underlying facts. Bamburg made numerous assertions in brief which we lack the ability to verify due to the absence of the trial transcript. Among these contentions was that "the vast majority of evidence served the dual purpose of simultaneously quantifying under the APA the claims and offsetting claims of both parties." Other assertions pertained to the amount of time Air Systems spent cross-examining Bamburg's witnesses or the order of presentation of evidence, none of which is in this appellate record. Since the trial court ruled in favor of Air Systems on Bamburg's principal demand, the trial court found that Air Systems was the "prevailing party" entitled to attorney fees under the APA. Nothing in the appellate record before us provides us with a basis for reversing this decision by the trial court, which apparently presided over this case from its inception and concluded that "very little time" was spent and "very little evidence" was submitted by Air

14

Systems on its reconventional demand. Without a factual basis, we cannot readily disregard the trial court's observations, first-hand knowledge, and analysis of this complex litigation which spanned more than five years.

In his petition, Mr. Bamburg asserted employment claims which arose from the employment agreement in the APA but were also intertwined with statutory claims under Title 23. He requested reasonable attorney fees under La. R.S. 23:632, which allows them to a laborer or employee for a well-founded suit for any unpaid wages. Ultimately, the trial court denied these claims on the basis that he failed to carry his burden of proof under La. R.S. 23:631. On appeal, Bamburg makes a brief assertion that the trial court incorrectly allowed Air Systems to recover attorney fees for defending against these claims. Given the fact that the claims were not only statutory but also arose from the APA, we cannot agree. Further, when the parties were in court on January 6, 2020, no request was made by Bamburg to separate any time that may have been spent on the claims asserted under Title 23. In any event, based on the trial court's written opinion dated November 14, 2019, it would appear that the time would have been negligible.

Based upon the record available to us, we find no error and no abuse of the trial court's discretion in its designation of Air Systems as the prevailing party in this matter.[9] Accordingly, we affirm the trial court judgment.

---

[9] Even if the standard of review was manifest error, the result here would be the same.

15

**ADDITIONAL ATTORNEY FEES ON APPEAL**

Air Systems argues that it is entitled to additional attorney fees in connection with defending this appeal. The general rule is that an increase in attorney fees is usually allowed where a party was awarded attorney fees by the trial court and is forced to and successfully defends an appeal. However, even though requested, additional attorney fees may not be granted where the appellate court finds that the amount awarded in the trial court was sufficient to compensate counsel for both the work at the trial court and the appellate court levels. *Family Care Servs., Inc. v. Owens*, *supra*. The amount of attorney fees awarded in the trial court is more than sufficient to compensate counsel for the work in this court and in the lower court below. Accordingly, Air Systems is not entitled to additional attorney fees on appeal.[10]

**CONCLUSION**

Based on the foregoing, the trial court judgment is affirmed. Costs of this appeal are assessed to the appellant, Larry W. Bamburg.

**AFFIRMED.**

---

[10] Additionally, an appellee who neither answers an appeal nor appeals from the trial court's judgment is not entitled to additional attorney fees for legal services rendered on appeal. *RSI Bldg. Prod., LLC v. Advantage Roofing & Constr. of La., Inc.*, 51,987 (La. App. 2 Cir. 5/23/18), 248 So. 3d 601. Air Systems neither appealed the trial court judgment, nor did it answer the appeal in this court. While the minutes indicate that it filed a counter designation of record on appeal and an answer to the appeal in the trial court, the record does not contain those documents and we have no knowledge of their contents.