Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,948-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

SURETY ASSOCIATES, LLC,               Plaintiff
AS TRUSTEE OF THE FAIRQ
TRUST

versus

SHAREE LIGHT                          Defendant-Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 640,116

Honorable Brady D. O'Callaghan, Judge

* * * * *

SHUEY SMITH LLC                       Counsel for Appellant
By: Richard E. Hiller

TOUCHSTONE LAW FIRM, APLC             Counsel for Appellees,
By: Dylan David Touchstone            FairQ Trust and
                                      Ramiro Gamez Trustee

* * * * *

Before HUNTER, MARCOTTE, and ELLENDER, JJ.

**HUNTER, J.**

Defendant, Sharee Light, appeals a trial court ruling in favor of plaintiff, Surety Associates, LLC, as Trustee of The FairQ Trust, granting a motion for summary judgment in part. For the following reasons, we affirm.

## FACTS

In January 2022, Sharee Light ("Light") contacted Roger Ketchum ("Ketchum") to express her interest in acquiring the property located at 2760 Fairfield Avenue ("Property"). Ketchum required Light to complete a Lease-to-Own Application ("Application") for the Property and directed her to contact Chelsea Belcher at Movement Mortgage to obtain information about becoming pre-qualified for a conventional loan to purchase the Property. The proposed purchase price for the Property was $649,000.00. Light opted to move into the property and proceeded to see if she could qualify for a conventional mortgage to purchase the Property. She signed a promissory note, promising to pay $15,000.00 for the Option to Purchase. Light later discovered she would be unable to qualify for a loan for the amount of the proposed purchase price.

At this time, Light contends Ketchum attempted to push a property located at 2440 Fairfield Avenue as an alternative property for her. However, Light declined the offer to lease the property at 2440 Fairfield Avenue. Shortly thereafter, Light ceased paying rent and moved out of the Property, taking some of the furniture with her.

Surety Associates filed a lawsuit against Light seeking to recover damages for unpaid rent, conversion of furniture, and payment on the Promissory Note associated with the Option to Purchase. Surety Associates filed a motion for summary judgment arguing Light violated the terms of

their Lease Agreement, Option to Purchase, and a Promissory Note involving Property at 2760 Fairfield Avenue in Shreveport, Louisiana.

The trial court denied Surety Associates' Motion in part and granted it in part. The trial court found the Lease Agreement was valid and ordered Light to pay unpaid rent in the amount of $20,975.00, and $2,500.00 for conversion of the furniture. However, the trial court denied the Motion as to the validity and enforceability of the Option to Purchase and Promissory Note.

Light appealed.

**STANDARD OF REVIEW**

An appellate court reviews summary judgments under the *de novo* standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, the appellate court is not required to analyze the facts and evidence with deference to the judgment of the trial court or its reason for judgment. *Strategic Capital Holdings, LLC v. Bennett*, 21-0672 (La. App. 4 Cir. 7/29/22); 366 So. 3d 255, *as clarified on reh'g* (9/20/22), *writ denied*, 22-01572 (La. 1/11/23); 352 So. 3d 983.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). In determining whether an issue is genuine, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. The only documents that may be filed in support or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to

2

interrogatories, certified medical records, written stipulations, admissions, and other designated documents. La. C.C.P. art. 966(A)(4)(a).

The mover bears the burden of proof on summary judgment. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

**DISCUSSION**

Light contends there was no valid contract due to the absence of FairQ Trust's name on the Lease Agreement documents. She argues the Lease Agreement purports to show Surety Associates as the owner rather than the trustee of FairQ, the actual owner. It is undisputed Light received undisturbed possession of the Property as called for in the Lease Agreement, for approximately six months, until she abandoned the Property.

Additionally, property management negotiating and entering a lease on behalf of an undisclosed owner is an everyday occurrence. La. C.C. art. 2674 provides: A lease of a thing does not belong to the lessor may nevertheless be binding on the parties. La. C.C. art. 2674 Comment (b) provides clarity to the obligations of parties to such an arrangement, namely the "lessor remains bound to warrant the lessee's peaceful possession." La. C.C. art. 2674 Comment (c) provides as follows:

3

By the same token, as long as the lessor is willing and able to protect the lessee's peaceful possession for the remainder of the term, the lessee may not refuse to pay rent or carry out his other obligations under the lease solely because of the lessor's claimed or real lack of ownership. Thus, the gist of Civil Code Article 2674 (rev. 2004) is ownership of the thing by the lessor is not an essential element of the contract of lease. In the absence of contrary understanding, the lease is binding even if such ownership is lacking.

Thus, Light had peaceful possession of the Property protected by Surety Associates, and since ownership is not an essential element of the contract, the Lease Agreement, which she admittedly signed, is binding on both parties.

Light also contends the trial court erred in awarding damages for conversion of the furniture. While she does not deny taking the furniture, she argues no one mentioned she was required to pay for the furniture, and there was never any agreement by her to purchase any furniture. In her *pro se* Answer to the Petition, Light stated:

This furniture was left in the home for 6 months, without a single payment made. It was only when I was leaving did, he mentions payment, and at that point, after six months and no payments for the furniture at any point, I contend that **the furniture can be considered abandoned.** (Emphasis in original).

Although Light may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them constitutes conversion. *Louisiana State Bar Association v. Hinrichs*, 486 So. 2d 116 (La. 1986). Thus, Light's removal of the furniture owned by Surety Associates from the Property constituted conversion. The record does not contain sufficient facts to establish a genuine issue of material fact for which Surety Associates is not entitled to judgment as a matter of law.

4

Lastly, Surety Associates' additional assignments of error is not entitled to review by this court.[1]

## CONCLUSION

For the reasons set forth herein, the judgment of the district court granting the summary judgment in part is hereby affirmed. Costs of the appeal are assessed to defendant, Sharee Light.

**AFFIRMED.**

---

[1] Surety Associates did not file an answer to the appeal, yet in brief they ask this court to review/reverse the trial courts denial of the Motion to enforce the Option to Purchase and the Promissory Note. An appellee who neither appeals from the trial court's judgment nor answers an appeal is not entitled to review of the denials on appeal. La. C.C.P. art. 2133; *Cleo, L.L.C. v. Perkins*, 54,254 (La. App. 2 Cir. 5/18/22), 340 So. 3d 1259, 1267, *writ denied*, 22-00959 (La. 11/1/22), 349 So. 3d 9, and cert. denied, 143 S. Ct. 1004, 215 L. Ed. 2d 139 (2023); *Trejo v. Canaan Constr., LLC*, 52,697 (La. App. 2 Cir. 6/26/19), 277 So. 3d 499; *RSI Bldg. Prod., LLC v. Advantage Roofing & Constr. of Louisiana, Inc.*, 51,987 (La. App. 2 Cir. 5/23/18), 248 So. 3d 601.